UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PESHKE,

               Plaintiff,               CIVIL ACTION NO. 11-10864

         v.                   DISTRICT JUDGE ARTHUR J. TARNOW

LINCOLN LIFE & ANNUITY CO.,      MAGISTRATE JUDGE MARK A. RANDON
OF NEW YORK, formerly known as
JEFFERSON PILOT FINANCIAL
INSURANCE CO.,

               Defendant.
_____/

**REPORT AND RECOMMENDATION ON CROSS
MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 12, 13)
AND ON DEFENDANT'S MOTION TO STRIKE (DKT. NO. 19)**

Plaintiff David Peshke ("Plaintiff"), an Employee Retirement Income Security Act ("ERISA") plan participant, brought this action challenging Defendant's denial of disability benefits (Dkt. No. 1). Before the Court are Plaintiff's motion for summary judgment (Dkt. No. 12), Defendant The Lincoln National Life Insurance Company's ("Defendant") motion for judgment on the administrative decision (Dkt. No. 13) and Defendant's motion to strike Plaintiff's response brief (Dkt. No. 19).

The undersigned has reviewed the record and held oral argument on the parties' dispositive motions on September 13, 2011. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for judgment on the administrative decision be **GRANTED**, and that this

-1-

case be **DISMISSED WITH PREJUDICE**.  It is further **RECOMMENDED** that Defendant's

motion to strike Plaintiff's response brief (Dkt. No. 19) be **DENIED, AS MOOT**.  Accordingly,

the October 13, 2011 hearing on this motion is hereby **CANCELLED**.

## I.  INTRODUCTION

Plaintiff seeks to recover disability benefits under a short term disability plan (the "Plan")

sponsored by his employer, Inalfa Roof Systems, Inc. ("Inalfa").  The Plan is governed by the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

Plaintiff claims to be partially disabled from his occupation as Vice President of Human

Resources, due to neck pain.  Plaintiff contends that his neck pain permits him to maintain a

regular work schedule of 8-10 hours per day for three days a week, but prevents him from

working, in any capacity, two days per week.

Defendant avers in its dispositive motion that Plaintiff failed to exhaust his administrative

remedies under ERISA, which bars Plaintiff's current claim for Plan benefits.  Under the terms of

the Plan, a participant must seek two administrative appeals prior to filing a lawsuit.  It is

undisputed that Plaintiff sought only one administrative review prior to filing his Complaint.

Defendant's Answer to Plaintiff's Complaint pled the defense of failure to exhaust administrative

remedies.  At the time Defendant filed its Answer, more than 60 days remained for Plaintiff to

seek his second administrative appeal.  Plaintiff neglected to file a second administrative appeal

during this time-frame.

## II.  BACKGROUND

On April 23, 2010, Plaintiff submitted a short term disability claim to Defendant, in

which he claimed to be disabled due to "chronic neck/back pain"  (Administrative Record "AR,"

LN00049).  Plaintiff also submitted an Attending Physician's Statement signed by physiatrist, Dr. John Maltese, stating his diagnosis as "Cervical Facet Cervical Radiculopathy," noting that Plaintiff was "working with restrictions," and listing those restrictions as "limited to 8-10 hours per day, 3 days a week for 2 months" (AR, LN00050).  Plaintiff continues to work as a "consultant" for Inalfa and serve on the board of directors for its facility in Mexico (AR, LN00092).

Defendant approved Plaintiff's disability claim through June 21, 2010, the two month recovery period suggested by Dr. Maltese (AR, LN00089).  Defendant subsequently extended benefit payments to Plaintiff until July 28, 2010, and notified Plaintiff that to consider benefits beyond that date, he would be required to provide current medical documentation, including medical records and physical therapy notes (AR, LN00083).

Defendant evaluated Plaintiff's medical records from June and July 2010 as well as physical therapy notes from April 2, 2010 through July 14, 2010 (AR, LN00045-47).  These medical records showed "overall improvement" in Plaintiff's condition, increased range of motion "in all directions," and decreased neck pain (AR, LN00060-62, LN00073-75).  Clinical examinations in June and July failed to reveal any symptoms of radiculopathy, and there was no evidence of musculoskeletal or neurological defects (AR, LN00053, LN00055, LN00075, LN00079-80).  No medical records were provided for any treatment after July 28, 2010.

On September 8, 2010, Defendant notified Plaintiff in writing of its determination that no benefits were payable after July 28, 2010, because the medical documentation failed to support restrictions and limitations that would prevent Plaintiff from working in his occupation as a vice president (AR, LN00045).  According to Defendant, Plaintiff, therefore, failed to satisfy the

Plan's definition of "Total Disability," which requires that the insured be unable to perform "each of the Main Duties of his or her Own Occupation" (AR, LN00047, LN00113).  Defendant informed Plaintiff of his right to request a review of the claim decision and advised him that the appeal should include "[m]edical records to support your appeal such as office and treatment notes, laboratory results, x-rays and testing results" (AR, LN00047-48).

Plaintiff, through his current counsel, submitted an appeal by letter dated September 28, 2010 (AR, LN00042-43).  Plaintiff's appeal letter clarified that he was not seeking "Total Disability" but only making a claim for "Partial Disability" (AR, LN00043).  Plaintiff did not submit any additional medical documentation with his appeal and stated that Defendant already had all medical information that would support his claim (AR, LN00043).

The Plan's definition of Partial Disability requires Plaintiff to establish that, due to injury or sickness, he is "unable to perform one or more of the Main Duties of his or her Own Occupation, or is unable to perform such duties Full-Time" and that he be engaged in "Partial Disability Employment" (AR, LN00111).

Defendant consulted Dr. Richard Tyler, a Board certified orthopedist, who evaluated Plaintiff's medical records (AR, LN00026-27).  Dr. Tyler concluded that although Plaintiff reported neck pain, there was no evidence of any musculoskeletal or neurological deficits (AR, LN00026).  In fact, the electrodiagnostic ("EMG") studies were completely normal (AR, LN00026, LN00053).  Based on the medical evidence, Dr. Tyler opined that Plaintiff did not have a medical condition that would prevent him from working full-time in his occupation as a vice president (AR, LN00026).  The Plan's definition of "Own Occupation" is not limited to the

-4-

job as performed for the particular employer, but is "a collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles" (AR, LN00111). Plaintiff's occupation as a vice president is defined as a sedentary strength level position involving primarily administrative duties (AR, LN00012-13, LN00030-34).

By letter to Plaintiff's attorney, dated December 14, 2010, Defendant informed Plaintiff that, based on the medical evidence, Plaintiff failed to satisfy the Plan's definition of Partial Disability and no benefits are payable beyond July 28, 2010 (AR, LN00019-22). Defendant advised Plaintiff that he had exhausted his first level of appeal, and that if he disagreed with the decision, he could pursue the final administrative appeal by making a request in writing by May 16, 2011, which should include medical proof, including "office notes, laboratory results, x-rays and any other testing results to support the appeal" (AR, LN00022). Defendant further informed Plaintiff and his attorney that "once all required reviews of your client's claim have been completed; you or your client has the right to bring a civil action under applicable law" (AR, LN00023).

Plaintiff and his counsel never sought the second appeal. Rather, on January 28, 2011 – six weeks after the first-level appeal determination – Plaintiff filed a Complaint in the Circuit Court of Macomb County, Michigan, which was removed to this court by Defendant on March 3, 2011 (Dkt. No. 2). In its Answer, filed March 10, 2011, Defendant asserted the affirmative defense that Plaintiff failed to exhaust his administrative remedies under ERISA and the Plan by failing to pursue a second administrative appeal (Dkt. No. 7, p. 5, ¶5). Despite this further notification by Defendant of his failure to exhaust administrative remedies, and with more than

60 days still remaining in which to request the second level appeal, Plaintiff still failed to exhaust

his administrative remedies.

### III.  <u>ANALYSIS</u>

### *A. Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  A moving party may meet that burden "by 'showing'—that is, pointing out to the

district court—that there is an absence of evidence to support the nonmoving party's case."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers, or
> other materials; or
>
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly

support or address a fact:

> If a party fails to properly support an assertion of fact or fails to
> properly address another party's assertion of fact as required by
> Rule 56©, the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### B.  Plaintiff's Failure To Exhaust Administrative Remedies Bars This Suit

In the Sixth Circuit, "[i]t is well settled that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing a suit for recovery on an individual claim." *Shields v. UnumProvident Corp.*, 415 F. App'x 686, 689 (6th Cir. 2011) (quoting *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 717–22 (6th Cir. 2005).  "The exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, (6th Cir. 1997) (quotation marks and citations omitted).  Exhaustion also serves:

(1) To help reduce the number of frivolous law-suits under ERISA;

(2) To promote the consistent treatment of claims for benefits;

-7-

(3) To provide a non-adversarial method of claims settlement;

(4) To minimize the costs of claims settlement for all concerned;

(5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes;

(6) To enhance the ability of trustees of benefit plans to correct their errors;

(7) To enhance the ability of trustees of benefits plans to interpret plan provisions;

(8) To help assemble a factual record which will assist a court in reviewing the fiduciaries' actions.

*Constantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994).

Despite the exhaustion requirement, the Sixth Circuit has recognized a general exception: a plaintiff need not exhaust administrative remedies "when the remedy obtainable through administrative remedies would be inadequate or the denial of the beneficiary's claim is so certain as to make exhaustion futile." *Shields*, 415 F. App'x at 689 (quoting *Hill*, 409 F.3d at 718–19). "To avoid the exhaustion requirement, the plaintiff must make a clear and positive indication of futility." *Id.* (quotation marks and citation omitted).

The Plan expressly requires that participants must seek two administrative reviews in order to exhaust administrative remedies prior to filing suit:

> Claims Subject to ERISA (Employee Retirement Income Security Act of 1974). Before bringing a civil legal action under the federal labor law known as ERISA, an employee benefit plan participant or beneficiary must exhaust available administrative remedies. Under this Policy, the plan participant or beneficiary must first seek **two** administrative reviews of the adverse claim decision, in accord with this section.

-8-

(AR, LN00123) (emphasis added).  This same provision also appears in the Certificate of

Insurance for the Plan, attached to Plaintiff's Complaint as Exhibit A (Dkt. No. 2-2, p. 21).

Furthermore, Defendant expressly advised both Plaintiff and his counsel of the requirement that

he submit a second appeal, prior to filing suit.  Despite these requirements in the Plan, Plaintiff

failed to seek a second administrative review.

      Plaintiff attempts to avoid the bar of exhaustion by arguing that his second appeal would

have been futile.  In order to qualify for this exception, Plaintiff must put forth "clear and

positive evidence" demonstrating that it is certain his claim would have been denied.  *Shields*,

415 F. App'x at 689.  Plaintiff relies on *Dozier v. Sun Life Assur. Co. of Can.*, 466 F.3d 532, 535

(6th Cir. 2006) in support of his futility argument.  However, *Dozier* is readily distinguishable.

      *Dozier* concerned a long-term-disability policy and a life insurance policy, issued by the

same insurer.  The plaintiff applied for benefits under each policy.  Under the long-term disability

policy, a claimant would be considered disabled if they were unable to perform their "own

occupation."   The life insurance policy provided a waiver-of-premium benefit for disabled

employees, defined as those unable to perform "any occupation."  The defendant denied the

plaintiff's claim for long-term-disability benefits, determining that the plaintiff could still

perform his "own occupation."  One week later, the defendant issued a letter denying the

plaintiff's claim for waiver-of-premium benefits under the life insurance policy, determining that

the plaintiff could perform "any occupation."  The plaintiff sought administrative review of the

adverse long-term-disability decision, but did not timely appeal the adverse decision under the

life insurance policy.

In subsequent litigation, the defendant argued that the plaintiff's claim under the life insurance policy was barred, since the plaintiff did not exhaust administrative remedies. The plaintiff responded that any administrative appeal would have been futile given that the defendant had denied his long-term-disability appeal (under less restrictive language) and indeed had done so before the time for appealing the other claim had expired. The Sixth Circuit agreed, holding that an appeal of the more-restrictive life insurance benefit denial would have been futile. In essence, the Sixth Circuit found that the plaintiff's second appeal would clearly be futile because, if the plaintiff could perform his "own occupation" then clearly he could perform "any occupation." Thus, the plaintiff was not required to also appeal the denial of benefits under the more restrictive policy.

Unlike *Dozier*, in the present case there is no obvious indication of futility. Here, Plaintiff failed to submit any medical evidence with his first appeal, and the Administrative Record does not contain any medical information documenting Plaintiff's condition after July 28, 2010, the day his claim was closed. The second appeal provided Plaintiff an opportunity to submit an additional nine months of medical records to demonstrate the clinical course of his purportedly disabling condition (or, if applicable, to indicate the lack thereof) and/or to further explain why he is able to work 8-10 hours per day for three days during a week, including travel to Mexico, but claims he is not able to work full-time five days a week. In sum, Plaintiff simply cannot establish that it is certain his claim would have been denied had he pursued the required second level appeal. Plaintiff, therefore, cannot demonstrate a "clear and positive indication" of futility.

Finally, Plaintiff's time in which to pursue his administrative remedies expired on May 16, 2011. "Courts typically dismiss unexhausted ERISA claims with prejudice where the opportunity to pursue administrative remedies has expired." *Bird v. GTX, Inc.*, 2010 WL 883738, at *4 (W.D. Tenn. Mar. 5, 2010); *Harris v. Pepsi Bottling Group, Inc.*, 438 F.Supp.2d 728, 734 (E.D. Ky. 2006) ("[B]ecause [plaintiff's] opportunity to administratively appeal has expired, dismissal with prejudice is appropriate."); *see also Laird v. Norton Healthcare, Inc.*, 2010 WL 411546, at *2 (W.D. Ky. Jan. 29, 2010) ("Laird's short-term disability plan required submission of a written appeal within 180 days of the denial of the claim. Failure to exercise this appeal right in a timely fashion results in it being impossible to exercise it at all, preventing a plaintiff from ever exhausting the administrative process and thus barring the door to the courthouse."). Since the time for Plaintiff to file his second administrative appeal has long since passed, it is recommended that this matter be dismissed, with prejudice.

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's motion to affirm the administrative decision (Dkt. No. 13) be **GRANTED**, Plaintiff's motion for summary judgment (Dkt. No. 12) be **DENIED**, and the case be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Defendant's motion to strike (Dkt. No. 19) be **DENIED, AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE
Dated:  September 30, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 30, 2011, electronically and/or by first class mail.*

s/Barbara M. Radke
*Judicial Assistant to*
*Magistrate Judge Mark A. Randon*

Copy mailed to:
*William G. Boyer*
*Boyer & Dawson*
*43805 Van Dyke Avenue*
*Sterling Heights MI 48314*